UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OFFSHORE LIFTBOATS, L.L.C** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-700** |
| **JERRY BODDEN** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion[1] to dismiss the above-captioned matter filed by defendant, Jerry Bodden ("Bodden"). Plaintiff, Offshore Liftboats, L.L.C. ("OLI"), opposes the motion.[2] For the following reasons, the motion is **GRANTED**.

*BACKGROUND*

Bodden, an OLI employee, was allegedly injured aboard the OLI-owned L/B MICHELLE on February 29, 2012.[3] OLI states that it was informed of the injury on the date following the accident and that "it immediately made arrangements to transport [Bodden] to a medical care facility for evaluation and treatment."[4] When the driver arrived to transport Bodden to the hospital, he was no longer at the dock and, according to OLI, he thereafter "cut off all communication with OLI."[5]

On March 6, 2012, counsel for Bodden informed OLI via letter that Bodden was represented by counsel, stated that he needed medical treatment and had not yet reached

---

[1] R. Doc. No. 11.

[2] R. Doc. No. 12.

[3] R. Doc. No. 1, ¶ IX.

[4] R. Doc. No. 12, p. 1.

[5] R. Doc. No. 12, p. 2.

1

maximum medical improvement, and demanded that OLI provide maintenance and cure for Bodden's injuries. One week later, OLI filed a complaint in the U.S. District Court for the Eastern District of Louisiana for a declaratory judgment pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201, *et seq*).[6] OLI, in essence, requests that this Court declare that OLI is not liable to Bodden for maintenance and cure and that OLI is not liable for Bodden's injuries pursuant to the Jones Act or general maritime law.

OLI notified counsel for Bodden via e-mail, facsimile and U.S. Mail on March 19, 2012, that it had filed its complaint for a declaratory judgment in the above-captioned matter, that proper service would be forthcoming, and that it had scheduled an independent medical examination for Bodden on March 27, 2012.[7] Bodden's counsel responded that Bodden was visiting family in Honduras, stated that he would be returning to the United States within two weeks and requested OLI to reschedule the appointment to accommodate Bodden's travel schedule.[8]

Bodden has not yet instituted legal action with respect to his alleged injuries which arose on February 29, 2012. He informs the Court that if or when he decides to do so, he would seek to exercise his right to have a trial by jury on all relevant issues as provided for pursuant to the Jones Act and general maritime law.[9] In his motion to dismiss, Bodden argues that this Court should exercise its discretion under the Declaratory Judgment Act to dismiss this action because, in essence, "declaratory actions in maritime personal injury cases 'are considered preemptive

---

[6] R. Doc. No. 1.

[7] R. Doc. Nos. 11-3 and 12-1.

[8] R. Doc. No. 12-1.

[9] R. Doc. No. 11-1, p. 4.

attempts at forum-shopping and can be an abrogation of [a] [p]laintiff's rights under the Jones Act to litigate all issues in his injury claims in the forum of his choice.' "[10]

## *LAW AND ANALYSIS*

The U.S. Court of Appeals for the Fifth Circuit has set forth a three-step inquiry for determining whether a U.S. District Court should retain or dismiss a complaint for declaratory relief.  Following this framework, the Court must consider: (1) whether the action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its "broad discretion to decide or dismiss a declaratory judgment action."  *Orix Credit Alliance, Inc. v. Wolfe*, 212 F. 3d 891, 895 (5th Cir. 2000).  The first two factors regarding justiciability and the Court's authority to grant declaratory relief are not at issue.  Consequently, the Court's analysis focuses solely on its discretion to decide or dismiss this action.

"The Declaratory Judgment Act, 28 U.S.C. § 2201(a), 'is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant.' " *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 390 (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)).  In *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), the Fifth Circuit enumerated the following seven non-exclusive factors for a U.S. District Court to consider in deciding whether to decide or dismiss a declaratory action:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;

---

[10] R. Doc. No. 11-1, p. 5 (quoting *Eldridge v. Magnolia Marine Transp.*, 2008 WL 148310, at *3 (E.D. La. Jan. 11, 2008 ) (Barbier, J.)).

>   (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
>
>   (5) whether the federal court is a convenient forum for the parties and witnesses;
>
>   (6) whether retaining the lawsuit would serve the purposes of judicial economy; and
>
>   (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* at 590-91; *See also Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir. 2001); *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993).

The first and seventh *Trejo* factors address the proper allocation of decision-making between state and federal courts. *Sherwin-Williams*, 343 F.3d at 390-91. The seventh factor is not relevant given the facts of this case. With respect to the first factor, "if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Id*. However, the absence of a pending parallel state proceeding does not automatically require a U.S. District Court to retain a declaratory judgment action, as such a *per se* rule would be inconsistent with the court's discretionary authority. *Id.* at 394. In fact, "[i]t is well established practice in this district to dismiss preemptive declaratory judgment actions in maritime personal injury cases," even when the injured party has not yet filed a state or federal court action. *Chet Morrison Offshore, L.L.C. v. Heyden*, 2007 WL 1428697, at *2 (E.D. La. May 10, 2007) (Vance, J.); *see also In Matter of*

*Complaint of T. Baker Smith & Son, Inc.*, 1998 WL 151435, at *4-*5 (E.D. La. Mar. 25, 1998) (Vance, J.).[11]

Bodden has not yet instituted any legal action with respect to his injuries. Accordingly, the first factor is neutral. However, the Court notes that the "well established practice" within the Eastern District of Louisiana counsels dismissal.[12]

The second, third, and fourth factors address "fairness" concerns with respect to forum selection and they help to determine whether the declaratory plaintiff is using the declaratory action process "to gain access to a federal forum on improper or unfair grounds." *Sherwin-Williams*, 343 F.3d at 391. All three factors weigh heavily in favor of dismissal. Regarding the second factor, the Court finds that it is readily apparent that OLI initiated the above-captioned matter in anticipation of any lawsuit that Bodden may have been considering following his alleged accident. OLI filed its complaint less than two weeks after Bodden's purported injury, less than one week after Bodden's counsel made the first demand for maintenance and cure, before responding to Bodden's counsel, and before Bodden was able to attend an appointment with OLI's doctor because he was still in Honduras. The Court finds that the second factor weighs in favor of dismissal.

---

[11] *See, e.g.*, *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991), *Eldridge v. Magnolia Marine Transp. Co.*, 2008 WL 148310, at *3 (E.D. La. Jan. 11 2008) (Barbier, J.); *Specialty Diving of La., Inc. v. Mahoney*, 2006 WL 4101325, at *3 (E.D. La. Jan. 30, 2006) (Engelhardt, J.); *R&B Falcon Drilling, USA, Inc. v. Crosby*, 2003 WL 145532, at *2 (E.D. La. Jan. 17, 2003) (Vance, J.); *B.J. Serv., Inc. v. Jackson*, 1996 WL 554640, at *1 (E.D. La. Sept. 27 1996) (Sear, J.); *Doucet & Adams, Inc. v. Herbert*, 1993 WL 8623, at *2 (E.D. La. Jan. 6, 1993) (Clement, J.); *Houma Marine Serv., Inc. v. Fitch*, 1992 WL 31861, at *1 (E.D. La. Feb. 12, 1992) (McNamara, J.); *Rowan Co., Inc. v. Blanton*, 764 F. Supp. 1090, 1093 (E.D. La. 1991) (Feldman, J.); *Belle Pass Towing Corp. v. Cheramie*, 763 F. Supp. 1348, 1353 n.10 (E.D. La. 1991) (Mentz, J.).

[12] U.S. District Courts must assess the seven *Trejo* factors on the record before dismissing a declaratory judgment action. *Vulcan*, 238 F.3d at 390; *Trejo*, 39 F.3d at 590 ("[U]nless the district court addresses and balances the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine on the record, it abuses its discretion.").

Given the facts and procedural posture of this case, the Court considers the third and fourth factors – whether OLI engaged in forum shopping in bringing the suit and whether possible inequities in allowing OLI to gain precedence in time or to change forums exist – in tandem. OLI argues that the third and forth factors are neutral because Bodden "has already conceded that [the Eastern District of Louisiana] is a convenient forum."[13]

Bodden signed a dispute resolution agreement wherein he agreed that the Eastern District of Louisiana would be one of *two* appropriate forums.[14] Consequently, Bodden is not limited to litigating any potential claim against OLI in federal court. He may also bring such claims in the appropriate state court of competent jurisdiction.[15] In seeking preemptive declaratory relief, OLI deprives Bodden of his right to select his preferred legal forum. Jones Act seamen like Bodden are entitled to have a jury decide all issues joined with a Jones Act claim, including claims for maintenance and cure. *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 21, 83 S.Ct. 1646, 10 L.Ed.2d 720 (U.S. 1963). Retaining jurisdiction over OLI's lawsuit would force Jones Act seamen into a "race to the courthouse" in order to preserve their choice of forum and their right to a jury, matters which are "highly esteemed." *See Aries Marine Corp. v. Lolly*, 2006 WL 681184, at *3 (W.D. La. Mar. 16, 2006) (Melancon, J.) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989); *Travelers*, 994 F.2d

---

[13] R. Doc. No. 12, pp. 4-5. Bodden states that he "is a resident of Louisiana and concedes that federal court in New Orleans is as convenient a forum for him as any in Louisiana." R. Doc. No. 11-1, p. 5. However, Bodden makes this statement when he discusses the fifth *Trejo* factor regarding convenience of the forum, not with respect to the third and fourth factors.

[14] The dispute resolution agreement states that "claims for personal injury, workman's compensation, maintenance and cure, wages, claims under the Jones Act, [and] claims under the General Maritime Law . . . shall be litigated if at all, in and before the United States District Court for the Eastern District of Louisiana or a court of proper jurisdiction and venue in the parish or county of my current residence." R. Doc. No. 12-3.

[15] Bodden resides in Marrero, Louisiana. Consequently he may also pursue legal relief in the Civil District Court for the Twenty-Fourth Judicial District for the State of Louisiana. R. Doc. No. 1, ¶ IV.

at 779). This raises concerns regarding equity to Jones Act seamen such as Bodden. Consequently, the Court finds that the third and fourth factors weigh in favor of dismissal.

The fifth and sixth *Trejo* factors concern judicial efficiency. *Sherwin-Williams*, 343 F.3d at 391-92. U.S. District Courts must consider efficiency and "avoid duplicative or piecemeal litigation where possible." *Id*. at 391. The fifth factor inquires whether the federal court is a convenient forum for the parties. As Bodden concedes that this Court is a convenient forum,[16] the fifth factor is neutral. Nevertheless, the sixth factor, whether retaining the lawsuit would serve the purposes of judicial economy, favors dismissal. If Bodden were to file a lawsuit pursuant to the Jones Act, the maintenance and cure issue in this case would be addressed in that other action along with any other claims arising from the same facts. The separation of a maintenance and cure claim from other claims related to the same events would "offend" the "principles espoused in *Fitzgerald*." *Rowan Co., Inc. v. Blanton*, 764 F. Supp. 1090, 1092 (E.D. La. 1991) (Feldman, J.). Moreover, resolving the issues raised in this declaratory judgment action ultimately may be unnecessary. OLI instituted this case just *two weeks* after Bodden's purported injury. Bodden might not need to file any lawsuit if counsel for the parties would confer and negotiate with one another regarding Bodden's complaints.

## *CONCLUSION*

The Court finds that the balance of the *Trejo* factors weighs in favor of dismissal of this declaratory judgment action. Considering the proper allocation of decision-making between federal and state courts, fairness, efficiency, and the well-established practice within the Eastern District of Louisiana which counsels dismissing such declaratory judgment actions, the Court declines to exercise its discretion to decide the above-captioned matter.

Accordingly,

---

[16] R. Doc. No. 11-1, p. 5.

**IT IS ORDERED** that Bodden's motion to dismiss is **GRANTED** and that the above-captioned matter is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, June 6, 2012.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

Case 2:12-cv-00700-LMA-ALC   Document 13   Filed 06/07/12   Page 8 of 8